## In the Matter of Kenneth G. HAYNIE, Respondent.

### No. 82S00–0709–DI–370.

Supreme Court of Indiana.

April 25, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on August 18, 2005, Respondent entered a guilty plea in the Warrick Superior Court to operating a vehicle while intoxicated, a class A misdemeanor. Based on a second incident on February 16, 2006, Respondent entered a guilty plea in the Vanderburgh Superior Court 5 to operating a vehicle while intoxicated, a class A misdemeanor.

Respondent has no disciplinary history and cooperated with the Commission.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties agree the appropriate sanction is suspension from the practice of law for 90 days, all stayed subject to a 24-month period of probation. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, all stayed subject to a 24-month period of probation** during which Respondent shall execute and comply with a monitoring agreement with the Judges and Lawyers Assistance Program and comply with the requirements imposed by the Warrick Superior Court. Those requirements include wearing a "SCRAM" device and using an ignition interlock device. The Court incorporates by reference the remaining terms and conditions of probation set forth in the parties' Conditional Agreement. If Respondent violates any term of probation, the Commission may petition to revoke his probation and request that the entire 90-day suspension be actively served and that Respondent be required to undergo the reinstatement process.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justice concur.